## M. S. GRINBAUM & CO. *vs.* HEEIA SUGAR PLANTATION COMPANY *et al.*

### APPEAL·FROM THE CHANCELLOR.

### JULY TERM, 1885.

### JUDD, C. J.; McCULLY AND PRESTON, JJ.

Where a mortgagor failed to designate to which of several debts payments by him to the mortgagee should be credited; held that the mortgagee was not bound to appropriate the payments to interest due on the mortgage, but could apply them to an unsecured debt for advances made to carry on the sugar plantation, the subject of the mortgage.

Decree of the Chancellor Affirmed.

### OPINION OF THE COURT, BY PRESTON, J.

THIS is an appeal by the defendant, the Heeia Sugar Company from a decision of the Chancellor made on the 17th instant, denying a motion made on behalf of the said defendant to rescind the decree of foreclosure and sale made herein.

On behalf of the defendant it was contended that as the complainant's had not kept a separate account of the moneys due on account of the mortgage, and of the account current for advances for carrying on the plantation, and as they had received payments in cash from the defendant, it was their duty to appropriate the moneys received in payment of the interest due on the mortgage, or at all events, considering their position as agents for the defendant, to have given notice of their intention not to apply it for that purpose.

Counsel for the defendant argued that the rule of the Civil law respecting appropriation should be adopted in this case.

The Court, however, sees no reason for departing from the course hitherto taken of adopting the rule of the Common Law.

The Court adopt the reasoning of the Chancellor as contained in his decision, and affirm the order made by him.

*A. S. Hartwell* for complainant.

*P. Neumann* and *F. M. Hatch* for defendant.

Honolulu, July 31, 1885.

### DECISION OF THE CHANCELLOR, APPEALED FROM.

This is a bill to foreclose a mortgage, the breach assigned being failure to pay the semi-annual interest due February 16, 1884, of $2,600.

The defendant corporation being, after decree entered, admitted to answer and defend, by consent of the plaintiffs, says in substance that it denies that the semi-annual interest, to wit, the sum of $2,600 due the plaintiffs on February 16, 1884, was not paid, but avers the truth to be that between the date of the mortgage, August 16, 1883, and the 16th of February, 1884, when the interest became due, the plaintiffs had received from defendant $10,606 55, being proceeds of sales of sugars and cash payments, one of which payments, to wit, of $3,000, having been made on January 28, 1884, and that plaintiffs were bound to apply said pay-

ments first to the interest due upon the said mortgage, no portion of the principal being then due; and further that by the terms of the said mortgage, defendant is not bound to make any cash payments to plaintiffs until the expiration of three years from the date of the mortgage, said plaintiffs having agreed to accept payments from the crops to be raised upon said plantation.

By the mortgage, the defendant, as a mortgagor, covenants, (1) to pay the $60,000 in three years from date, (2) with interest semi-annually, at nine per cent per annum; (3) to pay all taxes, charges and assessments on the said granted and assigned property, as well also on the said sum of money or indebtedness thereby secured; (4) to keep and observe the covenants and conditions in the leases; (5) to consign all the sugar manufactured, etc., during the next three successive crops to the mortgagees; (6) and that from the proceeds of each of said years crops and sugars, after deducting all commissions, charges, freights, expenses and all interest then due on the indebtedness aforesaid, the mortgagees may deduct and retain, to reduce the secured debt, $30,-000 from the crop of 1883-4, $15,000 from the crop of 1884-5, $15,000 from the crop of 1885-6, rendering the surplus to the mortgagor, etc.

The facts are that from the crop of 1883-4 there were no net proceeds, after deducting moneys laid out and advanced to carry on the plantation. The account current of M. S. Grinbaum & Co. shows a balance against the Heeia Sugar Plantation Co., January 1, 1884, of $78,703 20, or $18,703 20 over and above the mortgage debt; and on May 20, 1884, when the Receiver was appointed, of $75,356 90, or $15,356 90 over the mortgage debt. In addition to the receipts from sugars and realizations from the plantation, there was paid in San Francisco, by the defendant corporation, to plaintiffs, January 28, 1884, $3,000, and on April 7, 1884, $5,000, and on April 15, 1885, $5,000.

The contention on behalf of the defendants is that the $3,000 paid on January 28, 1884, should be appropriated by plaintiffs to the interest to fall due February 16th, $2,600.

A careful reading of the mortgage shows that it does not in terms secure future advances. On the other hand it contains no agreement on the part of the mortgagees to make these advances.

It was undoubtedly the hope and expectation of both mortgagor and mortgagees that the proceeds from the plantation would be sufficient to pay all current expenses, and a surplus remain which was stipulated should be applied each year towards paying the $60,000 secured by the mortgage.

Messrs. M. S. Grinbaum & Co., finding that the proceeds were not sufficient to carry on the plantation, write to the corporation in San Francisco, under date of March 15, 1884, stating that no funds being deposited with them to carry on the planting and other improvements which are absolutely necessary for the coming crop, on the plantation, advise them of a draft they had drawn on them for $10,000, and desire the corporation to honor it with its acceptance. Mr. Grinbaum says he presented this draft personally, and it was not paid. Previous to this, Otto Muser, the President, and Hermann Liebes, a director of the company, had paid two sums of $5,000 each, (in all $10,000,) to him towards the running expenses of the plantation. This was in pursuance of a written contract, (copy of which is in evidence) dated October 13, 1883, by which Messrs. Grinbaum & Co. agree to advance (in addition to a sum of $30,000) the further sum of $10,000, for the current expeses of running the plantation during the months of November and December, 1883, in consideration of the promise of Otto Muser and Hermann Liebes to repay this sum by May 1, 1884.

I think this makes it clear that it was the understanding of the defendant corporation that Messrs. Grinbaum & Co. were not bound to carry the plantation for three years. But Grinbaum & Co. had advanced the necessary sums, up to that time, to carry on the plantation, and this with the knowledge and consent and presumably at the request of the defendant. The failure to pay the last draft of $10,000 made it certain that the corporation would advance no more. I think that the covenant in the mortgage above stated, (number. 6) only bound M. S. Grinbaum & Co. not to take more than $30,000 of the net proceeds of the crop of 1883-4, etc., towards paying the $60,000 secured by the mortgage.

There were other and prior mortgages on the property, which I presume the corporation wished to pay with the excess over the $30,000. But I cannot gather from the mortgage that Grinbaum

& Co. were obliged to apply the gross proceeds of the sugars to the payment of $30,000 of the mortgage debt.

By the terms of the mortgage the interest due on the indebtedness was to be paid before the application of the $30,000. This presupposes some proceeds available to be thus applied, but if the plantation went behind and cost more to run it than the returns, and the owner did not supply funds to run it, I fail to see how he could expect a mortgagee to apply any part of the gross receipts to payment of interest or principal. The $3,000 paid in January by the defendant corporation was not directed by it to be applied to the interest to fall due in February, but, as I understand it, it was intended for running expenses of the plantation.

I think, on principle, that Messrs. M. S. Grinbaum & Co. were not bound to apply this sum to the payment of the interest. I think this is well supported by authority also.

The general rule is that a "mortgagee debtor may in the first instance appropriate a payment to whatever account he pleases, either principal or interest, or to another debt due the mortgagee. *Quicquid solvitur, solvitur secundum modum solventis.* But when the debtor has omitted to make any specific application of the money he has paid, but has left this to the presumptions of the law, or to be applied by the creditor as he may see fit, he cannot afterward go back and make an appropriation of it himself. The general payment may be applied by the creditor to a claim against the debtor for which he has no security, or among secured claims to that for which he has the least security." Jones on Mortgages, Sec. 906 and cases cited.

Here we have no direction to apply the payment by the defendant to the interest, and an appropriation by the plaintiff toward the unsecured debt. See also *Doody vs. Pierce*, 9 Allen, 141; *Howe vs. Lewis*, 14 Pick., 331.

I see no reason on the defendant's answer and proofs to rescind the order of foreclosure already made in this case.

*A. S. Hartwell,* for plaintiffs.

*Paul Neumann* and *F. M. Hatch,* for defendant.

Honolulu, July 17, 1885.